**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Case No. 20-MJ-234 (RMM)** |
| : | |
| **ERIC MANGOLD,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S CURRENT ORDER OF PRETRIAL RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to revoke the current Order dated November 23, 2020 (ECF # 3) in case 1:20-mj-234, authorizing the release of the defendant, Eric Mangold, and enter an order of pretrial detention. Based on the factual proffer below, there is probable cause that the defendant violated a federal, state or local law while on release, and clear and convincing evidence that the defendant has violated any other condition of release. Additionally, the defendant is currently unlikely to comply with any condition or combination of conditions of release. Therefore, the government respectfully requests that the defendant's conditions of release be revoked and he be detained pending trial. *See* 18 U.S.C. § 3148(b).

### FACTUAL BACKGROUND

On November 23, 2020, the government sought and obtained a complaint charging Eric Mangold ("defendant"), with Entering or Remaining in Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) and with Unlawful Entry in violation of 22 D.C. Code § 3302(b). On December 8, 2020 the government filed an information charging the same two violations.

1

On November 23, 2020 the defendant was ordered released with conditions. The defendant was verbally advised of the release conditions by Magistrate Judge Robin Meriweather from the bench. An Order Setting Conditions of Release was filed that same day (ECF #3). The defendant was released on a number of conditions, including:

- The defendant must not violate federal, state, or local law while on release;
- The defendant must appear in court as required;
- Reside at the address in the PSR and verify address within 24 hours;
- Report for supervision to Pretrial Services weekly by phone;
- Maintain mental health treatment and medication regimen;
- Not possess a firearm, destructive device, or other weapon;
- Stay away from the White House Complex

On December 9, 2020 the defendant was scheduled to appear for a preliminary hearing before Magistrate Judge Zia M. Faruqui. The preliminary hearing was converted to an arraignment following the filing of an information. However, the defendant failed to appear as scheduled. Accordingly, a bench warrant was issued on December 9, 2020. On December 10, 2020 the defendant made contact with Pretrial Services and a status hearing/arraignment was set for December 11, 2020. On December 11, 2020 the defendant appeared via telephone. The bench warrant was vacated and the defendant agreed to check himself in for in-patient mental health treatment at a facility in Atlanta, Georgia. A status hearing/arraignment was to be set upon notification that the defendant was released from treatment.

On January 7, 2021 the defendant was arrested in Atlanta, Georgia by the Atlanta Police Airport Division. He is charged with Possession Firearm/Dangerous Weapon/Silencers (Case Number 2021WA01410 WD). As of the date of this filing the defendant is detained in Clayton County, GA and is scheduled for a preliminary hearing on February 16, 2021.

**APPLICABLE LAW**

Title 18, United States Code, Section 3148 provides, in pertinent part, as follows:

>(a) Available sanctions. -- A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>(b) Revocation of release. -- The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section ... The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --
>(1) finds that there is --
>>(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>(B) clear and convincing evidence that the person has violated any other condition of release; and
>
>(2) finds that --
>>(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148.

The government's motion here is based on both Section 3148(b)(1)(A) and Section 3148(b)(1)(B). There is probable cause to believe that the defendant has "committed a Federal, State, or local crime while on release." Additionally, there is clear and convincing evidence that the defendant "has violated any other condition of release."

**FACTUAL PROFFER**

In this case, there is clear and convincing evidence that the defendant violated "any other condition of release." As a condition of release, the defendant is required to reside at an address in Texas (further specified in the PSR). The Order Setting Conditions of Release (ECF #3) also specifies that the defendant "must appear in court as required." However, upon the defendant's release from custody, he instead traveled to Atlanta, Georgia. The defendant then failed to appear for a scheduled court hearing on December 9, 2020, resulting in the entry of a bench warrant. The defendant appeared before the court via telephone on December 11, 2020 and agreed to check himself into a facility in Atlanta, Georgia for in-patient mental health treatment. A status hearing/arraignment was to be scheduled upon notice to the court that the defendant was released from treatment.

Additionally, there is probable cause to believe that the defendant has "committed a Federal, State, or local crime while on release." On January 7, 2021 the defendant was arrested in Atlanta, Georgia by the Atlanta Police Airport Division for Possession Firearm/Dangerous Weapon/Silencers (Case Number 2021WA01410 WD). As of the date of this filing the defendant is detained in Clayton County, GA and is scheduled for a preliminary hearing in that case on February 16, 2021. Furthermore, the conditions of release specify that the defendant "not possess a firearm, destructive device, or other weapon."

Officer Pierre Germeil provided the following narrative documenting Mr. Mangold's arrest (Case # 210078011 – Arrest Report, dated January 7, 2021):

> On January 07, 2021 at about 0815; the suspect was observed in the Sky Train which do [sic] transport between Airport Terminal 6000 North Terminal Parkway and the Rental Car Center 2200 Rental Car Center Parkway. Atlanta police units 2746 and 2701 made contact with the subject at the 4th floor of the Rental Car Center. The suspect, Mr. Eric Paul Mangold, white male of Atlanta GA, date of birth ████████ was seen on the airport property several times before; Including on Dec. 26, 2020 at about 0745 hours when he

received a Criminal Trespass Warning. On Mr. Mangold's person was found a long machete. Mr. Mangold was transported back to Atlanta police Airport precinct, located at 6000 North Terminal Parkway, where he was arrested and charged with GA law 16-8-21 – Criminal trespass and 16-11-122 Carrying and Possessing Dangerous Instrument. Mr. Mangold was transported to Clayton County Jail and the long machete was released to Atlanta police property section as evidence. Mr. Mangold again received a Criminal Trespass Warning. Mr. Mangold requested EMS and Engine 32 responded to the precinct and attended Mr. Mangold. Mr. Mangold also requested to be transported to Hospital for previous injuries sustained during accident and mental issues. He was transported by Engine 32 to Grady Hospital for psych evaluation and an ultrasound was done for his previous leg injury. Mr. Mangold was later released by Grady and transported to Clayton County Jail.

Officer Daniel Louden included the following narrative in his contact report documenting his interactions with Mr. Mangold (Case # 210078011 – Field Contact Report, dated January 7, 2021):

On 1/7/2021 Eric Mangold was carrying a machete with the blade approximately 30 inches in length. He was walking through the North Terminal of the Atlanta Hartsfield Jackson Airport. I have encountered Mr. Mangold in the past and at that time he was carrying a hatched [sic] in his waistband.

The defendant is unlikely to comply with any condition or combination of conditions of release and there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community. Upon his initial release from custody, the defendant immediately violated several conditions of release. The defendant has failed to reside at the address specified in the PSR. The defendant failed to appear as scheduled before the court. The defendant was ultimately arrested in possession of a dangerous weapon. The defendant has displayed a disregard for the conditions of his release and demonstrated a clear propensity towards flight.

## CONCLUSION

There is probable cause to believe that the defendant has "committed a Federal, State, or

local crime while on release." Additionally, there is clear and convincing evidence that the defendant "has violated any other condition of release." The defendant is unlikely to comply with any condition or combination of conditions of release and there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community. Therefore, the government respectfully requests that the defendant's conditions of release be revoked and he be detained pending trial.

                                              Respectfully submitted,

                                              MICHAEL R. SHERWIN
                                              Acting United States Attorney
                                              New York Bar Number 4444188

By: _/s/ Mary A. Freeman_
       MARY A. FREEMAN
       Wyoming Bar No. 7-5473
       Special Assistant U.S. Attorney
       Federal Major Crimes
       United States Attorney's Office
       555 4th Street, N.W.
       Washington, D.C. 20530
       Mary.Freeman@usdoj.gov
       (202) 803-1628